UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY ALLEN | CIVIL ACTION |
| VERSUS | NO. 25-0102 |
| DET. JACK WILSON, ET AL. | SECTION "M" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Gary Allen filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). On April 17, 2025, I conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.   FACTUAL ALLEGATIONS**

Allen is an inmate housed at David Wade Correctional Center in Homer, Louisiana. ECF No. 1, ¶I(A), at 1. Allen filed this *pro se* and *in forma pauperis* § 1983 complaint against defendants NOPD Administration, Detective Jack Wilson, Officer Bryan Rojas, and Officer Amy Gisleson. *Id.*, ¶(B), at 2-3.

**A.   Complaint (ECF No. 1)**

In his complaint, Allen asserts that Det. Wilson, on June 18, 2022, at 8201 Earhart, took a

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. Proc. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] ECF No. 9. Plaintiff was sworn before testifying and the hearing was electronically recorded.

report and did not investigate. *Id*., ¶IV(A), at 4. He also states that Officer Rojas, on March 16, 2022, at 3600 Garden Oaks Drive, took a report and did not investigate. Finally, Allen states that Officer Gisleson, on November 23, 2021, at 3900 N Claiborne Avenue, took a report and did not investigate. *Id*. at 5. He notes that he is not attacking his convictions, only his arrest. As relief, Allen seeks compensation for mental and emotional distress from NOPD's failure to investigate the allegations against him which caused him to be detained and arrested without probable cause. *Id*., ¶VI, at 6.

      **B.**      <u>**Reply to § 1983 Response Order (ECF No. 5)**</u>

In his reply to the court's order for additional information, Allen confirms he is presently incarcerated and lists his date of conviction as June 27, 2024. ECF No. 5 at 1. He reiterates his assertion that all three defendants failed to investigate the cases. Allen contends he would offer transcripts of the defendants' testimonies. *Id*. He claims Alexis Chernow would testify that she cross examined all three defendants and they all stated that they did not investigate.

      **C.**      <u>***Spears* Testimony**</u>

On April 17, 2025, I conducted a video conference with Allen. ECF No. 9. Allen was sworn and testified for all purposes permitted by *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny. The conference was electronically recorded.

During the hearing, Allen testified that on June 18, 2022, Det. Wilson failed to investigate allegations that were brought against him. Allen stated an individual claimed that he kidnapped them on that day and took them to a Chevron gas station. He testified the individual claimed Allen also committed aggravated assault with a firearm. Allen further stated that Det. Wilson conducted no follow up investigation, did not check video surveillance, and did not talk to any witnesses.

At trial, Allen testified he was convicted of second-degree kidnapping, aggravated battery, possession of a firearm, illegal use of a weapon, simple criminal damage to property, and second-degree murder on June 27, 2024. He stated the kidnapping charges were connected to Det. Wilson, the aggravated battery and assault were connected to Officer Rojas, and the illegal use of a firearm and simple criminal damage were connected to Officer Gisleson. He further stated he was charged with, but not convicted of, domestic abuse battery involving strangulation. Allen testified during his trial that Alexis Chernow, his trial attorney, cross examined all defendants. When asked why he named NOPD Administration as a defendant, Allen stated because all the other named defendants work for the New Orleans Police Department. At the end of the video conference Allen reiterated he is seeking monetary damages and not release.

## II.  LEGAL STANDARDS

### A.  Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[3] A claim is frivolous if it "lacks an arguable basis in law or fact."[4] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the

---

[3] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.

[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

level of the irrational or wholly incredible . . . ."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[9] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[10]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[11] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[12]

---

[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[7] *Id.* at 270.
[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[9] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[10] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).
[11] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Off.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[12] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[13] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[14] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[15]

### B.  Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[16]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[17]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)  deprivation of a right secured by the U.S. Constitution or federal law;
(2)  that occurred under color of state law; and
(3)  was caused by a state actor.[18]

---

[13] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[14] *Id*.
[15] *Id*.
[16] 42 U.S.C. § 1983.
[17] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[18] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[19] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[20] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[21]

### III.   ANALYSIS

#### A.   Improper Defendant

Allen named NOPD Administration as a defendant in the caption of his complaint. ECF No. 1 at 1. In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[22] The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action.[23] The State of Louisiana grants no such legal status to any law enforcement office or department.[24] Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability.[25]

Given that the NOPD Administration is not a person or suable entity to be held liable under

---

[19] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[20] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[22] *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)).
[23] *Causey*, 167 F. Supp. 2d at 909 (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).
[24] *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236, 238-39 (La. App. 3d Cir. 1977).
[25] *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (city police department office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F.3d 1005 n.1 (5th Cir. 1995)) (city police department).

§ 1983, Allen's claims against NOPD Administration must be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

    **B.**    ***Heck* Doctrine**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, to avoid improper collateral attacks to convictions, a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[26] The Supreme Court held that a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[27] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[28]

Allen does not allege that his convictions for second-degree kidnapping, aggravated battery, possession of a firearm, illegal use of a weapon, simple criminal damage to property, and second-degree murder have been overturned, invalidated, or in any way called into question as required by *Heck* and its progeny. All of the charges that Allen claims were not investigated by Det. Wilson, Officer Rojas, and Officer Gisleson relate to his conviction of June 27, 2024. Allen contends he was not convicted of domestic abuse battery involving strangulation, but did not testify that any defendant's conduct was associated with that charge. Even if the domestic abuse charge were connected to one of the named defendants, acquittal at trial on one charge while being

---

[26] *Heck*, 512 U.S. at 484-85.
[27] *Heck*, 512 U.S. at 486-87 (internal footnote omitted).
[28] *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

convicted on others is still subject to a *Heck* bar.[29] For these reasons, even though Allen is seeking only monetary relief under § 1983 and not habeas relief, his claims challenging the constitutionality of his arrest and subsequent convictions must be dismissed absent compliance with the conditions expressed in *Heck*.[30]

## IV.  RECOMMENDATION

It is **RECOMMENDED** that plaintiff Gary Allen's 42 U.S.C. § 1983 claims against defendant NOPD Administration be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

It is **FURTHER RECOMMENDED** that plaintiff Gary Allen's 42 U.S.C. § 1983 claims against defendants NOPD Administration, Detective Jack Wilson, Officer Bryan Rojas, and Amy Gisleson be **DISMISSED** as *Heck* barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[31]

New Orleans, Louisiana this 7th day of July, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *See McCall v. Walker*, No. 21-0039, 2021 WL 5913295, at *2 (S.D. Miss. Dec. 14, 2021) (holding that plaintiff's § 1983 claims were barred by *Heck* when found guilty of capital murder at trial but not-guilty of assault).
[30] *Johnson v. McElveen*, 101 F.3d 423, 424 (1996) (*Heck* dismissal is with prejudice until the conditions are met).
[31] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.